FILED

2008 FEB 21 PM 2:59

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

SHAWN KHORRAMI, ESQ., SBN 180411
BAHAR DEJBAN, ESQ., SBN 240135
KHORRAMI POLLARD & ABIR, LLP
444 South Flower Street, 33rd Floor
Los Angeles, CA 90071
Tel: (213) 596-6000
Fax: (213) 596-6010

BRIAN KABATECK, ESQ., SBN 152054
RICHARD KELLNER, ESQ., SBN 171416
KABATECK BROWN KELLNER, LLP
644 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 217-5000
Facsimile: (213) 217-5010

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

BEVERLY DOYLE,

Plaintiff,

v.

DAVOL, INC., and C.R. BARD, INC.,

Defendants .

CASE NO: CV08-01188SVW AJWx

**COMPLAINT FOR DAMAGES**

1. **NEGLIGENCE**
2. **STRICT PRODUCT LIABILITY - MANUFACTURING AND DESIGN DEFECT**
3. **BREACH OF IMPLIED WARRANTY**
4. **STRICT PRODUCT LIABILITY- FAILURE TO WARN**

**DEMAND FOR JURY TRIAL**

///

///

///

///

COPY

Plaintiff, Beverly Doyle, brings this action against Defendants and allege as follows:

## NATURE OF THE ACTION

1. Plaintiff Beverly Doyle developed serious and potentially life threatening conditions as a result of a defective Bard Composix Kugel Mesh Hernia Patch, manufactured by Defendants DAVOL, INC., and C.R. BARD, INC. Plaintiff seeks relief for her injuries under the claims of Negligence, Strict Product Liability - Manufacturing and Design Defect, Breach of Implied Warranty, and Failure to Warn.

## PARTIES

2. Plaintiff Beverly Doyle ("Ms. Doyle") is a resident of the state of Colorado. Ms. Doyle had hernia repair surgery which involved the implantation of a Composix Kugel Mesh.

3. Defendant, Davol Inc.("DAVOL") is a corporation that is incorporated under the laws of the State of Rhode Island. DAVOL has its principle place of business in the State of Rhode Island. It manufactures the Composix®) Kugel Mesh Patches ("Kugel Mesh") at 100 Sockanosset Crossroad, Cranston, Rhode Island. DAVOL has a registered agent in Rhode Island at CT Corporation System, 10 Weybosset St., Providence, Rhode Island. DAVOL focuses its business on products in key surgical specialties, including hernia repair, hemostasis, orthopedics, and laparoscopy. DAVOL designed, manufactured, tested, recommended, promoted, distributed, merchandised, advertised, supplied and sold to distributors, physicians, and hospitals, certain hernia surgical repair products that were to be surgically implanted in patients throughout the United States including the state of Rhode Island, Colorado and Arizona.

4. Defendant C.R. BARD INC. ("BARD") is a corporation that is incorporated under the laws of the State of New Jersey. BARD has its principle place of business at 730 Central Avenue, Murray Hill, New Jersey, 07974, County

of Union. It is the corporate parent/stockholder of DAVOL and participates in the manufacture and distribution of the Kugel Patch. It also manufactures and supplies DAVOL with material that forms part of the Kugel Patch. BARD at all times relevant designed, manufactured, tested, recommended, promoted, distributed, merchandised, advertised, supplied and sold to distributors, physicians, and hospitals, certain hernia surgical repair products that were to be surgically implanted in patients throughout the United States including the States of Rhode Island, Colorado and Arizona.

**JURISDICTION AND VENUE**

5. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1332 (diversity of citizenship). The matter in controversy in this civil action exceeds the sum of $75,000, exclusive of interest and costs and is between citizens of different states.

6. Venue in this jurisdiction is proper pursuant to 28 U.S.C. §1391. A defendant is deemed to reside in any judicial district where its contacts would be sufficient to subject it to personal jurisdiction at the time the action is commenced. Both DAVOL and BARD transact business and have purposefully availed themselves of the benefits and protections of the State of California. BARD and DAVOL have designed, manufactured, tested, recommended, promoted, distributed, merchandised, advertised, supplied and sold to distributors, physicians, and hospitals, certain hernia surgical repair products that were to be surgically implanted in patients in this District and as such, have had sufficient contacts to subject them to personal jurisdiction at the time the action is commenced.

**BACKGROUND AND FACTUAL ALLEGATIONS**

7. This action involves the Composix Kugel Mesh Patch manufactured by Defendants between 2001 and March 2006. These mesh patches were sold by Defendants for implantation in patients in the course the course of hernia repair surgery.

8. The Kugel Mesh line of products was first manufactured by Surgical Sense, Inc., starting in or around 1996. BARD acquired the line in 2000 and introduced the Composix Kugel Mesh Patch through its subsidiary, DAVOL.

9. The Kugel Patch is a polypropylene mesh prosthetic device developed to repair ventral hernias, or hernias of the abdominal region. A hernia occurs when the stomach muscles are too weak to contain the intestines, and as a result, a rupture occurs which causes the intestines to protrude. During the hernia repair surgery the patch is inserted behind the hernia defect through a small incision. In order for the mesh to fit through this incision the mesh needs to be folded in half. Once inserted, the mesh re-deploys with the help of a hard "memory recoil ring" (or "PET coil ring") that surrounds the mesh.

10. Due to the defects in the design and manufacturing of the Composix Kugel Mesh Patch, the "memory recoil ring" that opens the patch can break under stress or pressure, including the stress of placement into the intra-abdominal space. Once the memory recoil ring is broken, it can cause serious and potentially life threatening injuries such as: intestinal perforations, ring migration through the abdominal wall, abscesses, bowel obstruction and sepsis, and chronic intestinal fistulae (abnormal connections or passageways between the intestines and other organs).

11. Because of the dangerous and defective condition, and the numerous serious injuries that resulted, the FDA issued the first Class 1 recall of various lots of the Kugel Patches on December 22, 2005. The Class 1 recall was expanded in subsequent recalls on March 31, 2006 and January 24, 2007. A Class 1 recall is the highest recall available to the FDA and it is issued when the FDA believes that a medical product is dangerous or defective and could cause serious injury or death. Although not all sizes of the Kugel Patch have been recalled, they all have the defective "memory recoil ring".

12. Upon information and belief, DAVOL and BARD failed to comply

Case 1:08-cv-02488-WLL-AW Document 1-1 Filed 04/21/2008

with FDA application reporting requirements and knew, or in the exercise of reasonable care should have known, that the aforesaid products were of such a nature that they were not properly manufactured, tested, inspected, packaged, distributed, marketed, examined, sold, supplied, prepared, and/or provided with proper warnings, were not suitable for the purpose they were intended and were unreasonably likely to injure the product's users.

13. Defendants' Kugel Patches are defective because they have a hig risk of breakage or malfunction of the memory recoil ring and, as a result, are likely to result in serious injury. Defendants failed to timely inform the public or physicians of the defect in their Kugel Patches, despite their knowledge of the potential risk of the memory recoil ring failing.

14. On March 24, 2005, Ms. Doyle underwent a hernia repair surgical procedure at Scottsdale Healthcare in Arizona to repair a large hernia, during which a Composix Kugel Mesh Patch was implanted.

15. The Composix Kugel Patch that was implanted into Ms. Doyle was designed, manufactured, sold and distributed by Defendants to be used by surgeons for hernia repair surgeries and was further represented by Defendants to be an appropriate, safe, cost-effective and suitable product for such purposes.

16. The very next day after her surgery, Ms. Doyle was noted as having green fluid coming through her incision site. Her doctors immediately suspected a small bowel injury and took her in for surgery to remove the implanted Kugel Mesh. During the surgery, the Kugel Mesh was removed, there was irrigation of the site, and the bowel was repaired.

17. The failure of the memory recoil ring on the Kugel Patch implanted into Ms. Doyle caused it to break and directly contributed to the Ms. Doyle's pain, suffering, complications, and need for additional surgeries.

**FRAUDULENT CONCEALMENT**

18. Any applicable statute of limitations have been tolled by the knowing and active concealment and denial of facts as alleged herein by the Defendants. Plaintiffs have been kept in ignorance of vital information essential to the pursuit of these claims, without any fault or lack of diligence on their part. Plaintiff could not have reasonably discovered the dangerous nature and unreasonable adverse side effects associated with the Kugel Patch.

19. Defendants are and were under a continuing duty to disclose the true character, quality and nature of the patch implanted into Ms. Doyle, but instead they concealed it. Because of their concealment of the true character, quality and nature of their hernia repair patch, Defendants are estopped from relying on any statute of limitations defense.

**FIRST CAUSE OF ACTION**
***Negligence***
(Against all Defendants)

20. Plaintiffs incorporate by reference the allegations in all preceding paragraphs of this Complaint as though fully set forth in this paragraph.

21. Defendants DAVOL and BARD were negligent to Plaintiff in the following respects:

22. DAVOL and BARD, at all times mentioned had a duty to properly manufacture, test, inspect, package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use the Kugel Patch.

23. DAVOL and BARD at all times mentioned knew, or in the exercise of reasonable care, should have known, that the Kugel Patches were of such a nature that they were not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold, supplied, prepared and/or provided with the proper warnings, and were unreasonably likely to injure its users.

24. DAVOL and BARD so negligently and carelessly designed, manufactured, tested, failed to test, inspected, failed to inspect, packaged, labeled, failed to label, distributed, recommended, displayed, sold, examined, failed to

examine, and supplied the Kugel Patch, that it was dangerous and unsafe for the use and purpose for which it was intended.

25. DAVOL and BARD were aware of the probable consequences of the Composix Kugel Patch. DAVOL and BARD knew or should have known the Composix Kugel Patch would cause serious injury. They failed to disclose the known or knowable risks associated with the Kugel Patch. DAVOL and BARD willfully and deliberately failed to avoid those consequences, and in doing so, they acted in conscious disregard of Ms. Doyle.

26. Defendants DAVOL and BARD owed a duty to Ms. Doyle to adequately warn her and her treating physicians, of the risks of breakage, separation, tearing and splitting associated with the Kugel Patch and the resulting harm and risk it would cause patients.

27. DAVOL and BARD breached their duty by failing to comply with the state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution and/or sale of the Kugel Patch.

28. As a direct and proximate result of the duties breached, the Kugel Patch used in Ms. Doyle's hernia repair surgery failed, resulting in Ms. Doyle's suffering pain and harm.

29. As a direct and proximate result of the Defendant's negligence, Ms. Doyle has suffered injuries and damages.

30. DAVOL and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and no performing as represented and intended, showed complete indifference to or conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**SECOND CAUSE OF ACTION**

***Strict Product Liability - Manufacturing and Design Defect***
(Against all Defendants)

31. Plaintiff incorporates by reference the allegations in all preceding paragraphs of this Complaint as though fully set forth in this paragraph.

32. Defendants DAVOL and BARD are strictly liable to Plaintiff in the following respects:

33. DAVOL and BARD designed, manufactured, assembled, distributed, conveyed and/or sold the Kugel Patch for hernia repair surgery.

34. The Kugel Patches subject to the Class I recall were defective because they failed to perform safe and effectively for the purpose they were originally designed. Ms. Doyle Composix Kugel Patch was a Class I recalled device that failed while in her body causing her to develop serious physical complications which required subsequent, painful and unnecessary removal surgery.

35. At all times mentioned, the Composix Kugel Patch was substantially in the same condition when it left the Defendants' possession.

36. At all times mentioned, the Composix Kugel Patch implanted into Ms. Doyle was being used in the manner reasonably anticipated at the time it was implanted.

37. The Kugel Patches, like the one found in Ms. Doyle, at the time they left the possession of DAVOL and BARD were inherently dangerous for their intended use and were unreasonably dangerous products which presented unreasonable risk of injury to Ms. Doyle as follows:

A. The Kugel Patch was sold in a defective condition by design and manufacture;

B. The Kugel Patch as designed and manufactured was unsafe to Ms. Doyle;

C. The Kugel Patch as designed and manufactured was

unreasonably dangerous to Ms. Doyle;

D. The Kugel Patch did not perform safely as an ordinary consumer/patient, like Ms. Doyle, would expect;

E. The Kugel Patch as designed and manufactured, was unsafe for intended use;

F. DAVOL and BARD failed to warn the end user about the dangers and risks of their product;

G. DAVOL and BARD knew the component parts of the Kugel Patch as implemented through design and/or manufacture could cause serious injury to the end user;

H. Failing to implement an adequate, safe and effective "memory recoil ring" and/or its interaction with the mesh of the Kugel Patch to withstand the foreseeable stresses they would be subject to within the intra-abdominal space;

I. Failing to avoid migration of the Kugel Patch and/or its components from the initial site of hernia repair surgery;

J. Any other acts or failures to act by DAVOL and BARD regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale Kugel Patches for hernia repair surgery as will be learned during discovery.

38. Defendants' conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge that the patch's were failing and not performing as represented and intended showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL and BARD, and others from similar conduct in the future.

**THIRD CAUSE OF ACTION**
***Breach of Implied Warranty***
(Against all Defendants)

39. Plaintiff incorporates by reference the allegations in all preceding paragraphs of this Complaint as though fully set forth in this paragraph.

40. Defendants DAVOL and BARD are liable to Ms. Doyle for their breach of implied warranty in the following respects:

41. DAVOL and BARD sold the Kugel Patch which was implanted into Ms. Doyle. Defendants impliedly warranted to Ms. Doyle, her physicians and health care providers, that the Kugel Patch was of merchantable quality and safe for which it was intended.

42. Defendants knew or should have known that the Kugel Patch at the time of sale was intended to be used for the purpose of surgically implanting them into the body for hernia repair.

43. Ms. Doyle, her physicians and health care providers reasonably relied on Defendants' judgment, indications and statements that the Kugel Patch was fit for such use.

44. When the Kugel Patches are were distributed into the stream of commerce and sold by Defendants, the were unsafe for their intended use, and not of merchantable quality, as warranted by Defendants in that they had very dangerous propensities when used as intended and implanted into the patient's body where they could cause serious injury of harm or death.

45. Ms. Doyle suffered such injuries and damages as a result of Defendants' conduct and actions.

**FOURTH CAUSE OF ACTION**
***Failure to Warn***
(Against all Defendants)

46. Plaintiff incorporates by reference the allegations in all preceding paragraphs of this Complaint as though fully set forth in this paragraph.

47. In the course of business, DAVOL and BARD designed,

manufactured and sold Composix Kugel Patches.

48. At the time of the design, manufacture and sale of the Kugel Patch, specifically at the time Ms. Doyle received the Kugel Patch, they were defective and unreasonbly dangerous when put to their intended use and reasonably anticipated use. Further the Kugel Patches were not accompanied by proper warnings regarding the significant adverse consequences associated with the Kugel Patch.

49. DAVOL and BARD failed to provide any warnings, labels or instructions of its dangerous propensities that were known or reasonably scientifically knowable at the the time of distribution. The reasonably foreseeable use of the products involved significant dangers not readily obvious to the ordinary user of the products. Defendants failed to warn of the known or knowable injuries associated with malfunction of the Kugel Patch, including but not limited to rupture of the Patch causing severe injuries such as bowel perforations, bowel obstructions, fistulaes and recurring infections which would require multiple subsequent surgeries.

50. At all time mentioned, Ms. Doyle did not know of the defective condition, danger of breakage and the high risk of subsequent bodily injury until it was presented in the media.

51. Ms. Doyle suffered the aforementioned injuries and damages as a direct result of Defendants' failure to warn.

52. Defendants' conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge that the patch's were failing and not performing as represented and intended showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD, and others from similar conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows for:

1. Costs of suit incurred herein;
2. Special damages according to proof;
3. General damages according to proof;
5. For such other and further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this case.

DATED: February 19, 2008 KHORRAMI POLLARD & ABIR

By: ______________________________

SHAWN KHORRAMI, ESQ.
(Attorneys for Plaintiff)
KHORRAMI POLLARD & ABIR, LLP
444 South Flower Street, 33rd Floor
Los Angeles, CA 90071
Skhorrami@kpalawyers.com
Tel: (213) 596-6000
Fax: (213) 596-6010

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY DOYLE,<br>PLAINTIFF(S)<br>v.<br>DAVOL, INC., and C.R. BARD, INC.,<br>DEFENDANT(S). | CASE NUMBER<br>CV08-01188 SVW AJWx<br><br>**SUMMONS** |

TO: DEFENDANT(S): DAVOL, INC., and C.R. BARD, INC.

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ __________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Khorrami Pollard & Abir LLP, whose address is 444 S. Flower St., 33rd Floor, Los Angeles, CA 90071. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: FEB 21 2008

By: NATALIE LONGORIA
Deputy Clerk

(Seal of the Court)

SEAL OF THE U.S. DISTRICT COURT CENTRAL DIST. OF CALIFORNIA

1198

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

**CV08- 1188 SVW (AJWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>**312 N. Spring St., Rm. G-8**<br>**Los Angeles, CA 90012** | [ ] **Southern Division**<br>**411 West Fourth St., Rm. 1-053**<br>**Santa Ana, CA 92701-4516** | [ ] **Eastern Division**<br>**3470 Twelfth St., Rm. 134**<br>**Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

I (a) PLAINTIFFS (Check box if you are representing yourself ☐)
BEVERLY DOYLE

DEFENDANTS
DAVOL, INC.
C.R. BARD, INC.

(b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Colorado

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
Rhode Island, New Jersey

(c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
BAHAR DEJBAN, ESQ., SBN 240135
KHORRAMI POLLARD & ABIR LLP
444 South Flower Street, 33rd Floor, Los Angeles, CA 90071
Tel: (213) 596-6000

Attorneys (If Known)

II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

IV. ORIGIN (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

V. REQUESTED IN COMPLAINT: JURY DEMAND: ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

CLASS ACTION under F.R.C.P. 23: ☐ Yes ☐ No ☑ MONEY DEMANDED IN COMPLAINT: $ according to proof

VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Product Liability

VII. NATURE OF SUIT (Place an X in one box only.)

OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities /Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Act
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Info. Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

TORTS
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☑ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

TORTS
PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 American with Disabilities - Employment
- ☐ 446 American with Disabilities - Other
- ☐ 440 Other Civil Rights

PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus/ Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

FORFEITURE / PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety /Health
- ☐ 690 Other

LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

VIII(a). IDENTICAL CASES: Has this action been previously filed and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s):

FOR OFFICE USE ONLY: Case Number: CV08-01188

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No ☐ Yes

If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
Colorado

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
DAVOL, INC. - Rhode Island
C.R. BARD, INC. - New Jersey

**List the California County,** or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.
Colorado

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** ______ **Date** 2-20-2008

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |